IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH ERIC MCFARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1282-JDT-egb |
| | ) | |
| MELVIN BOND, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE WITHOUT PREJUDICE AND
ASSESSING $400 CIVIL FILING FEE

On October 15, 2014, the Plaintiff, Kenneth Eric McFarland, an inmate at the Haywood County Justice Complex ("Jail") in Brownsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In response to orders of the Court (ECF Nos. 4 & 6), Plaintiff subsequently filed an *in forma pauperis* affidavit and inmate trust account statement (ECF No. 7) and an executed signature page to his complaint (ECF No. 11).[1]

Plaintiff is a three-strike filer under 28 U.S.C. § 1915(g). In an order issued on April 2, 2015, the Court denied leave to proceed *in forma pauperis* because the complaint did not satisfy the imminent danger exception to § 1915(g) and directed Plaintiff to pay the $400 civil filing fee within 28 days. (ECF No. 12.) The order further stated that "[f]ailure to do

---

[1] The signature page also included a new prayer for relief.

so will result in the assessment of the filing fee from Plaintiff's inmate trust account without regard to the installment procedures and dismissal of this action for failure to prosecute." (*Id.* at 5.)

On April 13, 2015, Plaintiff filed a motion seeking an unspecified extension of time. (ECF No. 14.) The Court construed the motion as a request for an extension of time to pay the filing fee and granted the motion on April 17, 2015, extending Plaintiff's time to pay the fee through May 14, 2015. (ECF No. 15.) The order further stated that "Plaintiff is again warned that failure to [pay the filing fee] will result in dismissal of the case without further notice pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.* at 1-2.)

To date, Plaintiff has not paid the civil filing fee, and the time in which to do so has expired. Instead, on May 4, 2015, the Clerk docketed a letter from McFarland asking that the fee be waived due to his indigence. (ECF No. 16.) The Court is unable to waive the statutory requirements of 28 U.S.C. § 1915. Even if it had the authority, it would decline to do so where, as here, the complaint contains no credible allegation that Plaintiff is in imminent danger of serious physical injury. Therefore, because Plaintiff has not paid the filing fee within the time specified, this case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time a complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf.*

*In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
111 S. Highland Ave., Room 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Administrator to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. §§ 1915(a)-(b) pertaining to the payment of filing fees.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE